J. R. NEWMAN, v. CHICAGO, BURLINGTON AND QUINCY
RAILROAD COMPANY, Appellant.

**Railroads:** POWER AND DUTY OF CONDUCTOR: NEGLIGENCE: EVIDENCE.
1 The conductor of a train has the duty of caring for the safety
of passengers and may exercise a certain amount of authority
over them; and if in the exercise of such authority he- fails to
take proper care for their safety the carrier is liable. In the
instant case there was evidence that the conductor asked plain-
tiff to produce and hand to him, while on top of a freight car of
a rapidly moving train, and through an open door of the car,
his contract of shipment authorizing him to ride, and while at-
tempting to do so he was thrown from the car by an unusual
jerk of the train. *Held,* sufficient to take the question of whether
there was any emergency justifying the conductor in requiring
plaintiff to produce authority for his passage, under those circum-
stances and in that manner, to the jury.

**Same:** CONTRIBUTORY NEGLIGENCE. The evidence is also held to re-
2 quire a submission of the question of plaintiff's negligence in

attempting to comply with the conductor's request. And under the evidence the question of whether plaintiff was intoxicated at the time of the accident was for the jury.

*Appeal from Davis District Court.*—HON. F. W. EICHEL-BERGER, Judge. ·

TUESDAY, FEBRUARY 13, 1912.

ACTION to recover damages for personal injuries suffered by plaintiff through defendant's negligence as the result of falling from a freight car in a rapidly moving train, in which car plaintiff was riding as a passenger in charge of stock, which was being transported therein. There was a verdict for plaintiff, and from judgment on such verdict the defendant appeals.—*Affirmed.*

*Arthur R. Wells, S. S. Carruthers,* and *Payne & Goodson,* for appellant.

*Taylor & Ramseyer,* for appellee.

McCLAIN, C. J.—On the trial it was shown, beyond question, that plaintiff, who was by defendant's consent and under a proper contract, riding in a freight car in which he had some stock which he was bringing from Denver, Colo., to Bloomfield, in this state, on defendant's line of road, fell out of the open door of the car while the train was running at the rate of about thirty-five miles an hour, and was severely injured. The negligence of defendant, as alleged in the plaintiff's petition, was twofold, consisting, first, in the running of the train at an extraordinary high rate of speed; and, second, in the wrongful act of the conductor, who, while the train was running at this speed, called to the plaintiff from the top of the car, through the open door, demanding that the plaintiff produce and show the contract of shipment entitling him to

transportation on the train, as a result of which demand plaintiff, attempting to hand such contract of shipment to the conductor, and without negligence on his part, was thrown forward through the open door by a lurching of the train. The defendant denied the allegations of negligence on its part. There is no contention for appellant that the trial court made any erroneous rulings as to the admission of evidence, or committed any errors in the giving or refusal of instructions; the only errors assigned being the overruling of defendant's motion for a directed verdict, and the overruling of its motion for a new trial, on the ground that the verdict was not sustained by sufficient evidence, and was contrary to law.

I. We find nothing in the record justifying a finding in plaintiff's favor on the allegation of negligence in operating the train at an extraordinarily high rate of speed. It does not appear, however, that this issue was submitted to the jury; for the instructions are not embodied in the record. We must assume, therefore, that the only allegation of negligence considered by the jury was that relating to the act of the conductor in calling upon the plaintiff to produce and hand up for inspection his contract of shipment under such circumstances as to render his attempt to comply with this requirement dangerous.

With reference to this issue, there was evidence tending to show that, while the train was in rapid motion, as above indicated, the conductor came forward on the top

1. RAILROADS: power and duty of conductor: negligence: evidence.

of the train to the car in which plaintiff was riding and in which, by his contract, he was entitled to ride, and lying down on the top of the car, so that he could look in from above through the open door, saw plaintiff and one McCracken sitting about the middle of the car, and in front of the door, eating breakfast; that the conductor asked the plaintiff for his contract; and that plaintiff rose to a standing position, took his contract of shipment from

his pocket, and, reaching up to give it to the conductor, was thrown forward through the door by a lurch of the car. The explanation given by the conductor, as a witness, for addressing plaintiff at this time was that he had been advised by a brakeman, after the last preceding stop, that someone was riding with plaintiff in the car, and he testified that he asked plaintiff, not for his contract, but whether the other person had a ticket; and he further testified that he did not wait until the next stopping of the train to make the inquiry, because it was a fast train, making few stops and persons riding without right would refuse to pay when fare was demanded of them at a stopping place. The jury would have been justified, however, in finding that McCracken had paid his fare, too, and been allowed to ride in this car by the conductor in charge of the train from Denver to Akron, where another conductor (the one who testified as a witness) took charge of the train; and that a brakeman on the train after it left Akron, and before the last stop preceding the accident, was aware of McCracken's presence in the car with plaintiff. Indeed, one witness testified that the conductor in question spoke to both plaintiff and McCracken at Akron, with the reasonable implication that the conductor knew that both of them were being transported. In short, it was for the jury to say whether there was any such emergency in regard to the transportation of McCracken as to justify the conductor in demanding some evidence of his right to ride at the time and place when, according to the conductor's testimony, such demand was made. The jury would also have been sustained by plaintiff's testimony in finding that the demand of the conductor was for plaintiff's contract of transportation, and had no reference to McCracken's presence in the car. So that the question ultimately at this point is whether there was any reasonable justification for the act of the conductor in requiring the plaintiff to hand out his contract, through an open door of the car, when the

train was running at a high rate of speed, with the usual jerking and swaying incident to the moving of a freight train. We are satisfied that, under the evidence, the jury might properly find that the requirement of the conductor was unreasonable; and that the attempt of the plaintiff to comply with it exposed him to a hazard from which the accident proximately resulted.

The conductor is charged with the duty of caring for the safety of passengers on the train, and is authorized to exercise a certain amount of authority over them. If, in the exercise of this authority within the scope of his duty, he fails to take proper care as to their safety, the carrier is liable. Hutchinson, Carriers (3d ed.), section 1221.

II. Closely related to the question of defendant's negligence is that as to the contributory negligence of plaintiff. It is without doubt true that if plaintiff, of his own volition, had attempted to reach out of the open door of the car for some purpose, and

2. SAME: contributory negligence.

due to a lurch of the train, such as freight trains operated at high speed are subject to, had fallen out, the defendant would not have been liable. But plaintiff was under an obligation as a passenger on the train to respect the authority and comply with the requirements of the conductor within the scope of his business, and in doing so he was not necessarily negligent, although a compliance with such directions was to some extent hazardous. In this respect, he was justified in relying on the judgment of the conductor, and in doing so he can not be said, as matter of law, to have been negligent. *Holden v. Great Northern R. Co.*, 103 Minn. 98 (114 N. W. 365); *Indianapolis & St. L. R. Co. v. Horst*, 93 U. S. 291 (23 L. Ed. 898).

Witnesses for the defendant testified that they noticed the smell of liquor on plaintiff's breath after he was injured, and that there was a bottle of whisky in the possession of plaintiff or McCracken in the car before plaintiff

was thrown out; but plaintiff, as a witness, denied that he had been guilty of any excess in drinking, and one of the witnesses who went to him immediately after the accident denied that he noticed any smell of liquor. There is nothing in the record justifying the conclusion, as matter of law, that plaintiff was to any degree intoxicated or disqualified from exercising reasonable care for his own safety.

It is argued by counsel that there were boards nailed in the car, from door to door, for the purpose of confining the animals, and plaintiff, by taking hold of one of these crossboards, might have steadied himself in reaching up toward the conductor, so as to obviate any danger of being thrown out. But plainly it was for the jury to say whether under the circumstances plaintiff exercised reasonable care to avoid the danger incident to the act which the conductor called upon him to perform.

We reach the conclusion that there was no error in refusing to direct a verdict for the defendant, or in refusing to grant a new trial.

The judgment is *affirmed*.